## Richmond

## CITY OF RICHMOND V. BENTON H. POLLOK

January 13, 1978.

Record No. 761130.

Present: I'Anson, C.J., Carrico, Harrison, Cochran, Harman and Compton, JJ.

*W. Barrett Disney, Jr., Assistant City Attorney (William L. Wimbish, Assistant City Attorney,* on brief), for plaintiff in error.

*Benton H. Pollok,* pro se.

I'ANSON, C.J., delivered the opinion of the Court.

The city of Richmond (city) instituted this action against the defendant, Benton H. Pollok, to recover the sum of $224.20, allegedly the balance due on defendant's business license tax for

the year 1974. By a letter opinion the trial court held that Code § 58-266.4(a), as amended, does not empower the city to include the defendant's gross receipts earned in his branch law office in computing the city's business license tax. Thereupon judgment was entered for the defendant.

The facts are not in dispute. They show that the defendant has been engaged in the practice of law prior to and since January 1, 1974, with his main office in the city of Richmond and a branch office in his home in Fluvanna County. During the calendar year 1973, defendant's gross receipts from his profession were $25,159.50 which included $1,993.63 gross receipts generated from the Fluvanna branch office. All the records of the business generated by the Fluvanna office were kept in defendant's Richmond office. In computing the defendant's business license tax for the year of 1974, the city included the gross receipts from the Fluvanna branch office along with the gross receipts from the Richmond office as the base for the tax.

Fluvanna County does not have a business license tax on attorneys based on volume (gross receipts). In fact, it does not have a license tax on practitioners of professions.

Section 37-210 of the code of the city of Richmond provides, in pertinent part, that every person engaged in the business of the profession of attorney at law with an office in the city shall pay a license tax equal to $30 and one and fifty-eight hundredths percent of his gross receipts.

Section 37-95 of the city code, in pertinent part, defines gross receipts as income derived from the practice of law, wherever earned, during the license tax year immediately preceding the license tax year for which the tax is being computed, without any deductions, unless otherwise expressly provided.

We do not agree with the trial court's finding that Code § 58-266.4(a) does not empower the city to include the gross receipts derived from defendant's branch office in computing defendant's Richmond business license tax.

Under the provisions of Code § 58-266.4(a), the situs for local license taxation of every practitioner of a profession regulated by the state is the city, town, or county in which the practitioner maintains his office. Code § 58-266.4(a), however, also provides that if the practitioner of a profession

"maintains any branch office in any other city, town or county, the city, town or county in which such branch office is

located *may* impose a local license tax on him, but if such local license tax be measured by volume, the volume on which the tax may be computed shall be the volume attributable to practice in the city, town or county in which such branch office is maintained, and any volume so includable in the base for measuring such tax shall be deductible from the base in computing any local license tax measured by volume imposed on him by the city, town or county in which he maintains his principal office." (Emphasis supplied)

The word "volume" used in Code § 58-266.4(a) means "gross receipts."

It is manifest from the language of the statute that the city of Richmond, where the defendant maintains his office, is the situs for the business license taxation wherever the gross receipts are earned. But, if the practitioner of a profession has a branch office in the locality which has a business license tax measured by volume, then the gross receipts earned in the branch office are deductible from the base in computing the tax of the city of Richmond. However, that is not the case here. Fluvanna County does not have a business license tax based on the gross receipts earned by the defendant in his Fluvanna branch office, and the gross receipts from his branch office are not deductible from the Richmond tax base.

It appears from the final order that defendant paid $101.12 of the $224.20 claimed due by the city sometime after the institution of this action. Therefore, we will enter judgment here for the city of Richmond in the amount of $123.08 with interest from the date the tax was due and payable.

*Reversed and final judgment.*